**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 00-40565**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ALFREDO MARTINEZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**

May 8, 2001

Before GARWOOD, HALL,[1] and BARKSDALE, Circuit Judges.

PER CURIAM:

Alfredo Martinez pleaded guilty to possession of less than 50 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). At his 15 May 2000 sentencing hearing, the court imposed a 36-month term of imprisonment and a four-year term of supervised release; and, in lieu of a fine, the court ordered him to serve 100 hours of community service during his first year of supervised release. *No other conditions of supervised release were mentioned.*

In the district court's subsequent written judgment, the court noted another condition of release in addition to the 100 hours of

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

community service requirement. Under the heading "Special Conditions of Supervision," the court wrote:

> The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all the rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug detection techniques in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

Martinez challenges this condition of supervised release.

A defendant has a constitutional right to be present at sentencing. See United States v. A-Abras, 185 F.3d 26, 29 (2d Cir. 1999); see also Fed. R. Crim. P. 43(a) ("The defendant shall be present . . . at the imposition of sentence . . . ."). Therefore, when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls. See United States v. De La Pena-Juarez, 214 F.3d 594, 601 (5th Cir. 2000). If, however, there is merely an ambiguity between the two sentences, the entire record must be examined to determine the district court's true intent. See id.

The district court's failure to mention mandatory drug treatment in its oral pronouncement constitutes a conflict, not an ambiguity. "In this Circuit, it is well settled law that where

2

there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails." <u>United States v. Shaw</u>, 920 F.2d 1225, 1231 (5th Cir. 1991). It is significant that participation in a drug treatment program was a "special" condition of supervised release. See <u>United States v. Crea</u>, 968 F. Supp. 826, 833 (E.D.N.Y. 1997) (differentiating a "special" condition requiring abstention from alcohol and substance abuse treatment from "standard" conditions that do not impose such significant restrictions on personal liberty and do not have to be specifically listed in the oral pronouncement), <u>aff'd</u>, <u>United States v. Truscello</u>, 168 F.3d 61, 64 (2d Cir. 1999); <u>cf.</u> <u>United States v. Smith</u>, 45 F. Supp.2d 914, 916-17 (M.D. Ala. 1999) (holding that even though oral sentence did not specifically state that defendant had to undergo drug testing, there was no conflict with written judgment because the judge pronounced that the defendant would have to comply with the "standard" conditions of release and *at that time* drug testing was a *standard* condition *required by statute*). Because the district court failed to mention mandatory drug treatment, a special condition, at sentencing, we remand the case for the district court to amend its written judgment to conform to its oral sentence.

3