IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40267
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELISSA STRINGER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-314-1
- - - - - - - - - -
October 15, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:*

Melissa Stringer appeals her sentence, following a guilty-plea conviction, for one count of distribution of child pornography and one count of possession of child pornography, in violation of 18 U.S.C. § 2552(a)(4), (b)(1), and (b)(2).

Stringer does not contest her prison term or her term of supervised release. Instead, for the first time on appeal, she challenges the imposition of special conditions of supervision. These claims are reviewable for plain error only. United States

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

First, Stringer argues that the district court's oral pronouncement of the supervised-release condition prohibiting her from owning a computer contradicted the court's written pronouncement, by which the court stated that she could not "own, possess or use a computer." Although an oral pronouncement controls when there is a "conflict" between a written sentence and an oral pronouncement, Stringer has not shown that the distinction in her case is anything other than an "ambiguity," which would require this court to examine the entire record to determine the district court's true intent. See United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). She has not shown "clear" or "obvious" error. See Calverley, 37 F.3d at 162.

Second, Stringer contends that a supervisory condition that prohibited her from working around children and the computer-use condition were both vague and overbroad. Although it appears that the district court could have tailored these two conditions more specifically to correspond to Stringer's personal and criminal background, Stringer has cited no precedential decisional authority to demonstrate that any error by the district court was clear or obvious. Accordingly, Stringer has not shown plain error as to her second set of arguments, either. See Calverley, 37 F.3d at 162-64.

The sentence is AFFIRMED.

Stringer's motion to seal her motion for downward departure is GRANTED.