IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21046
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAN CISNEROS-GARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-246-1
--------------------
October 25, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Adan Cisneros-Garza was convicted of illegal reentry into the United States in violation of 8 U.S.C. § 1326 after being deported because of an aggravated felony conviction. He was sentenced to fifty-six months in prison followed by three years of supervised release. The jury found him not guilty of making a false statement to obtain a passport. Cisneros appeals his conviction and sentence on several grounds.

Cisneros first argues that his conviction should be reversed because the district court improperly admitted evidence of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior convictions.  After ruling that the evidence regarding his prior convictions should have been excluded, the district court strongly admonished the jury to disregard the convictions except to the extent that they showed that Cisneros was in the United States at those times.  The district court renewed this admonition in the jury instruction by ordering the jury not to consider the stricken testimony and reminding the jury to base its verdict solely on legally admissible evidence.

The jury's verdicts indicate that it did, in fact, disregard the improperly admitted evidence.  The jury found Cisneros not guilty of lying to obtain a passport.  This is the count that goes to Cisneros's credibility.  If Cisneros is correct in stating that the jury  considered the excluded evidence, it probably would not have believed his testimony that he never lied to obtain a passport and would have assumed that Cisneros also committed that crime.

Contrary to Cisneros's assertion, the credibility of his testimony that he was born in Brownsville, Texas was irrelevant to his conviction for illegal reentry.  Cisneros admitted that he learned that he was born in Brownsville from a man who lived on the ranch where Cisneros was raised.  Because Cisneros did not have, and could not have had, any personal knowledge that he was born in Brownsville, his credibility was not in question on this issue. Furthermore, Cisneros's mother, Maria Garza Moya, testified that she went to Brownsville with her husband in September 1950 for an unknown reason and stayed in a house "with some people of his." Moya stated that while she was in Brownsville, she gave birth to Cisneros. As soon as they were able, she and her husband took

Cisneros back to Mexico and never applied for a birth certificate in the United States.  Moya testified that she never told Cisneros that he was born in Brownsville.

Thus, the court's instruction adequately neutralized any potential prejudice from introducing the prior convictions.  In light of the record as a whole, there is no reasonable likelihood that the jury was prejudiced by the improperly admitted evidence of Cisneros's prior convictions.  Therefore, any error caused by the erroneous admission of that evidence was harmless.  See United States v. Asibor, 109 F.3d 1023, 1032 (5th Cir. 1997).

Cisneros next argues that the district court erred in refusing to grant him a continuance to authenticate documents upon which his defense was based.  We review the denial of a motion for continuance for an abuse of discretion.  United States v. Davis, 61 F.3d 291, 298 (5th Cir. 1995).  "[T]rial judges have broad discretion in deciding whether to grant continuances."  United States v. Correa-Ventura, 6 F.3d 1070, 1074 (5th Cir. 1993).  Because our review of the record indicates that the district court's ruling was neither arbitrary nor unreasonable, it is affirmed.  United States v. Hughey, 147 F.3d 423, 431 (5th Cir. 1998).

Cisneros further argues that the district court should have instructed the jury that his reasonable but mistaken belief that he was entitled to enter the United States was a defense to the illegal reentry charge.  He concedes that this issue is foreclosed by this court's precedent in United States v. Trevino-Martinez, 86

F.3d 65, 68 (5th Cir. 1996), but raises it to preserve it for further review.

Finally, Cisneros points out that the sentence imposed orally by the district court conflicts with the written judgment. The district court orally imposed a three-year term of supervised release, but the written judgment reflects a four-year term. A three-year term of supervised release is the maximum allowed for a conviction under 8 U.S.C. § 1326, a class C felony. See 18 U.S.C. §§ 3559(a)(3) and 3582(b)(2). The sentence pronounced by the court controls over the sentence in the written judgment. United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). This case is remanded for the limited purpose of allowing the district court to amend its written judgment to conform to its oral sentence. Id.

CONVICTION AFFIRMED. REMANDED FOR CORRECTION OF JUDGMENT.