**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-40513**
**Summary Calendar**
**Civil Docket #M-01-CR-51-1**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAMIE ALBERTO MENDEZ-DEL TORO,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

December 27, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Both Mendez-Del Toro and the Government urge us to remand for resentencing of this appellant, who pleaded guilty to illegal reentry following deportation, on the ground that the district court's oral pronouncement of judgment differs from its subsequent written judgment.  The only discrepancy is that the district court orally forgot to inform Mendez of the mandatory $100 special assessment for this felony offense.  18 U.S.C. § 3013(a)(2)(A).

---

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We sympathize with the parties' reasoning, because ordinarily, the oral pronouncement of judgment controls over a conflicting written sentence. United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). Further, as the government observes, it might well be inclined to seek remission of the special assessment because of his indigent, alien status. See 18 U.S.C. § 3573. A remand could not, however, be squared with the decision in which this court, noting the mandatory nature of special assessments under section 3013, forbade a district court's decision not to impose the assessment. See United States v. Nguyen, 916 F.2d 1016, 1020 (5th Cir. 1990). This court went on to modify the district court's judgment by imposing special assessments on each of the appellant's two convictions. If this court can modify a district court's criminal judgment by imposing a special assessment outside of a defendant's presence, it would seem to follow that the district court's modification of the written judgment outside a defendant's presence to include the mandatory special assessment cannot be faulty. Thus, any variance between the district court's oral pronouncement of sentence and its subsequent written judgment appears to have been harmless error.

The government may, of course, exercise its option to seek remission pursuant to 18 U.S.C. § 3573.

**AFFIRMED.**

2