CORRECTED

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20406
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO LOEZA-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-817
_____

December 11, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Gustavo Loeza-Martinez contends on appeal that a conflict exists between

the district court's oral pronouncement at his sentencing hearing and the written

judgment.  Loeza-Martinez asserts that the court remitted the $100 special

assessment at the hearing; however, the subsequent written judgment contains the

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$100 assessment.  A review of the record reveals that the district court followed statutory authority both mandating the imposition of the assessment, and permitting a remittance upon a motion by the Government demonstrating an inability to collect.[1]  The transcript from the sentencing hearing as well as the court's minute entry, recite that the $100 special assessment was imposed but, on the motion of the Government, the district court remitted the special assessment.  Accordingly,y no conflict or ambiguity exists in the record to justify a remand.[2]  The judgment of the district court is AFFIRMED.

---

[1]18 U.S.C. §§ 3013, 3573.

[2]United States v. Martinez, 250 F.3d 941(5th Cir. 2001).