**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**JUL 19 2002**

Charles R. Fulbruge
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-41065

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO VILLALONA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-256-1
--------------------

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fernando Villalona, who pleaded guilty to illegal reentry
following deportation after having been convicted of an
aggravated felony, urges us to remand for resentencing on the
ground that the district court's oral pronouncement of judgment
differs from its subsequent written judgment. The only
discrepancy is that the district court did not orally impose the
mandatory $100 special assessment for this felony offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

18 U.S.C. § 3013(a)(2)(A).  Villalona states that, although this issue is foreclosed by our precedent in United States v. Nguyen, 916 F.2d 1016 (5th Cir. 1990), he is raising the issue to preserve it for Supreme Court review.

Ordinarily, the oral pronouncement of judgment controls over a conflicting written sentence.  United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001).  A remand for resentencing in this case could not, however, be squared with the decision in which this court, noting the mandatory nature of special assessments under 18 U.S.C. § 3013, forbade a district court's decision not to impose the assessment.  See Nguyen, 916 F.2d at 1020.  This court went on to modify the district court's judgment by imposing special assessments on each of the appellant's two convictions. If this court can modify a district court's criminal judgment by imposing a special assessment outside of a defendant's presence, it would seem to follow that the district court's modification of the written judgment outside a defendant's presence to include the mandatory special assessment cannot be faulty.  Thus, any variance between the district court's oral pronouncement of sentence and its subsequent written judgment appears to have been harmless error.

The Government may, of course, exercise its option to seek remission pursuant to 18 U.S.C. § 3573.

AFFIRMED.