**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-41280**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**


**VERSUS**


**ROBERTO DE LA CRUZ,**

**Defendant-Appellant.**


_____

Appeal from the United States District Court
For the Southern District of Texas
CR L-01-689-01
_____
November 8, 2002



Before JONES, SMITH and SILER,[*] Circuit Judges.

PER CURIAM:[**]

Roberto de la Cruz ("de la Cruz") appeals his conviction

for possession of more than 100 kilograms of cocaine with intent to

_____

[*]    United States Court of Appeals for the Sixth Circuit,
sitting by designation.

[**]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. This court AFFIRMS de la Cruz's conviction but strikes the final two sentences of the district court's written supervised release conditions.

## BACKGROUND

In June 2001, de la Cruz pulled a tractor trailer rig into the United States Border Patrol Checkpoint facility located 15 miles north of Laredo, Texas on IH 35. As the rig entered the primary inspection area, a drug-sniffing dog detected the presence of contraband, and de la Cruz was referred to the secondary inspection area. The seal to the trailer did not correspond to the bill of lading de la Cruz provided. A search of the trailer revealed 61 bundles of marihuana, weighing 1,693.40 pounds, hidden in the trailer. A cellular phone was also found wedged in the middle of the bundles. De la Cruz admitted that he was hired to transport the load of marihuana to Dallas, Texas for $20,000, although he claimed that he believed only 400 pounds of marihuana was secured in the trailer.

A federal grand jury returned a two-count indictment charging de la Cruz with (1) conspiracy to possess, with intent to distribute, more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (Count One); and (2) possession of more than 100 kilograms of cocaine with intent to

distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count Two).

De la Cruz entered a plea of guilty to Count Two. On October 18 the district court sentenced de la Cruz to seventy-eight months' imprisonment in the custody of the Federal Bureau of Prisons, to run consecutively to a twelve-month sentence for revocation of probation in another case; a five-year term of supervised release, to run concurrently with the three-year term of supervised release imposed in the probation revocation case; a fine of $1,500; and a mandatory special assessment of $100.

In discussing the terms of supervised release, the district court orally imposed the following conditions: "And we will put a drug aftercare condition. You have to avoid narcotics ... [and] I'll make reasonable payments [of the $1,500 fine] a condition of supervised release." The district court then ordered that these payments be at a rate of $30 per month.

The district court entered its written judgment on October 25, 2001. The written judgment of conviction and sentence imposed the following "Special Conditions of Supervision" on de la Cruz:

> The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all the rules and regulations of the treatment agency until discharged by

the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

De la Cruz now appeals his conviction and sentence.

## DISCUSSION

De la Cruz argues first that the statute of conviction in this case – 21 U.S.C. § 841 – is unconstitutional on its face in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As he concedes, his argument is foreclosed by this court's decision in United States v. Slaughter, 238 F.3d 580 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).

Second, he argues that the district court reversibly erred by including, in its written judgment of conviction and sentence, special conditions of supervised release that were not orally pronounced at sentencing. At sentencing, the district court told de la Cruz that it would include in the sentence, as special conditions of supervised release, "drug aftercare" and avoidance of narcotics. De la Cruz does not object to the first two sentences of the written sentence, as he apparently considers them within the scope of the district court's oral sentence. He does, however, object to the final two sentences, arguing that these impose a separate requirement.

4

In *United States v. Martinez*, 250 F.3d 941 (5th Cir. 2001) this court concluded that

> when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls. If, however, there is merely an ambiguity between the two sentences, the entire record must be examined to determine the district court's true intent.

*Id.* at 942. De la Cruz argues that the district court's written requirement that he submit to and pay for "drug-detection techniques in addition to those performed by the treatment agency" constitutes a "conflict," not an "ambiguity." He cites in support this court's on-point but unpublished opinion in *United States v. Ramos*, No. 01-40361 (5th Cir. 2002) (unpublished) (holding that "the special condition imposed in the written judgment is considerably more far-reaching"). He ignores, however, this court's less pointed but precedential opinion in *United States v. Warden*, 291 F.3d 363 (5th Cir. 2002) (holding that a similar discrepancy between oral and written sentences "create[d], if anything, an ambiguity"). Fortunately for de la Cruz, this court need not reach the merits of his argument, as the government "concedes that this Court's precedents invalidate the 'Special Conditions' not orally pronounced at sentencing."

## CONCLUSION

As de la Cruz has conceded his *Apprendi* argument and the government its *Warden* argument, this court is left with precious little to decide. Accordingly, we **AFFIRM** de la Cruz's conviction

5

but strike the final two sentences of the district court's written

supervised release conditions.