**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 19, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-41468
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GALVAN-DUARTE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-661-ALL
--------------------

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Juan Galvan-Duarte ("Galvan") appeals the sentencing following his jury conviction for illegal reentry into the United States following deportation. Galvan contends that 8 U.S.C. § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not an element of the offense. Galvan concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Consequently, Galvan's argument is foreclosed. Based on the above argument, Galvan's conviction and sentence are AFFIRMED.

Galvan contends, and the Government concedes, that the written judgment does not comport with the district court's oral pronouncement at sentencing that he should be sentenced to two years' supervised release. An oral pronouncement of judgment will control over the written judgment if the two conflict. United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). The written judgment, which states that Galvan was sentenced to three years' supervised release, conflicts with the oral pronouncement of two years' supervised release. Accordingly, the judgment is VACATED and the case is REMANDED for the limited purpose of allowing the district court to amend its written judgment to conform to its oral judgment at sentencing. See Martinez, 250 F.3d at 942.

JUDGMENT VACATED AND CASE REMANDED FOR AMENDMENT OF JUDGMENT.