**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 14, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51011
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO PEREZ-ARELLANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-02-CR-224-1-WWJ
--------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Francisco Perez-Arellano appeals his guilty-plea conviction and sentence for importation of cocaine. This court must examine the basis of its jurisdiction on its own motion if necessary. United States v. Lister, 53 F.3d 66, 68 (5th Cir. 1995). After the announcement but before the entry of the judgment, Perez-Arellano filed a "motion for a new trial and appeal of conviction/sentence." Because this motion did not clearly evince an intent to appeal, the document was not an effective notice of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal. See United States v. Sacerio, 952 F.2d 860, 863 n.1 (5th Cir. 1992). However, Perez-Arellano's counsel filed a motion to withdraw and appoint new counsel for appeal within 30 days after the expiration of the ten-day period for filing a notice of appeal; this pleading clearly evinced an intent to appeal. Id. The district court granted this motion, and this order may be treated as a finding of excusable neglect. See United States v. Quimby, 636 F.2d 86, 89 (5th Cir. 1981). Therefore, this court has jurisdiction to review the district court's judgment. See United States v. Carr, 979 F.2d 51, 55 (5th Cir. 1992).

Perez-Arellano acknowledges that the district court's oral pronouncement at sentencing, which imposed a five-year term of supervised release, controls over the written judgment, which imposed a three-year term of supervised release. See United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). Perez-Arellano argues that the district court had authority to amend the written judgment to conform to the oral pronouncement under FED. R. CRIM. P. 36. Because the district court intended to imposed a five-year term of supervised release as stated at the sentencing hearing but the court inadvertently imposed a three-year term in the written judgment, the district court had the authority to correct the error pursuant to FED. R. CRIM. P. 36. See United States v. Steen, 55 F.3d 1022, 1025-26 & n.3 (5th Cir. 1995).

Perez-Arellano acknowledges that the plea agreement contained a waiver of the right to appeal, but he argues that the waiver does not preclude an appeal where the district court changes the judgment after it was entered.  The record indicates that Perez-Arellano knowingly and voluntarily waived the right to appeal his conviction and sentence as the magistrate judge advised Perez-Arellano of the waiver of appeal provision and he stated that he understood and did not have any questions.  See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).  Perez-Arellano has not cited any legal authority to support his argument that an otherwise valid wavier of appeal should not preclude an appeal where a court changes the judgment after it was entered.  Therefore, the waiver is valid and enforceable, and this appeal is DISMISSED.