United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20286
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIAN MORGAN NWACHUKWU,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-781-1
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Christian Morgan Nwachukwu appeals his convictions and
sentences for one count of conspiracy to commit bank fraud in
violation of 18 U.S.C. §§ 371 and 1344, two counts of bank fraud in
violation of 18 U.S.C. § 1344, and two counts of money laundering
in violation of 18 U.S.C. § 1956(a)(1)(B)(i). He argues that the
district court erred in denying his motion for a mistrial; that the
district court erred in allowing extrinsic evidence at trial; that
the district court erred in not dismissing a juror; that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in applying an enhancement at sentencing for obstruction of justice; and that the oral pronouncement of his sentence for the conspiracy count conflicts with the written judgment of his sentence for the conspiracy count.

The district court did not abuse its discretion in denying Nwachukwu's motions for mistrial as there is not a significant possibility that the alleged prejudicial testimony had a substantial impact upon the jury verdict, viewed in light of the entire record.  United States v. Millsaps, 157 F.3d 989, 993 (5th Cir. 1998); see also Greer v. Miller, 483 U.S. 756, 764-65 (1987).  Federal Rule of Evidence 404(b) evidence is "particularly probative where the government has charged conspiracy.  In the context of a conspiracy case, the mere entry of a not guilty plea sufficiently raises the issue of intent to justify the admissibility of extrinsic offense evidence."  United States v. Gordon, 780 F.2d 1165, 1174 (5th Cir. 1986).  Accordingly, the district court did not abuse its discretion in allowing the introduction of extrinsic evidence at Nwachukwu's trial.  See United States v. Anderson, 933 F.2d 1261, 1267-68 (5th Cir. 1991).

As Nwachukwu did not request that any of the jurors be disqualified from the jury, our review of this issue is for plain error.  United States v. Olano, 507 U.S. 725, 732 (1993).  Regardless, there is no error in not disqualifying the juror in question because the juror testified that he knew one of the witnesses only in passing, he did not know the witness' name, and

2

his recognition of the witness would not affect his deliberations in the case in any way. See Wainwright v. Witt, 469 U.S. 412, 424 (1985).

The district court did not clearly err in finding that Nwachukwu obstructed justice under United State Sentencing Guidelines § 3C1.1. See United States v. Edwards, 303 F.3d 606, 645-46 (5th Cir. 2002). The district court's finding of an obstruction of justice encompassed all of the factual predicates for a finding of perjury. See United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1993).

We agree with the parties that there was no plain error with respect to the sentencing court's application of the 2000 versus the 2001 United States Sentencing Guidelines. There is a conflict, however, between the oral pronouncement of the Nwachukwu's sentence for the conspiracy count and the written judgement. Accordingly, the case is REMANDED so the district court can amend its written judgment to conform to its oral pronouncement. United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001).

JUDGMENT VACATED AND CASE REMANDED FOR AMENDMENT OF JUDGMENT.