United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-20146
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICARDO GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-338-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Ricardo Garcia appeals his guilty-plea conviction and
sentence for possession of a firearm by a convicted felon in
violation of 18 U.S.C. § 922(g)(1).

     Garcia contends that 18 U.S.C. § 922(g)(1) is
unconstitutional on its face because the statute does not require
a "substantial" effect on interstate or foreign commerce.
Alternatively, he argues that his indictment was defective and
the factual basis for his plea was insufficient because the

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence established only that the firearm had traveled across state or country lines at some unspecified point in the past. Garcia raises these arguments solely to preserve them for possible Supreme Court review.  As he acknowledges, they are foreclosed by existing Fifth Circuit precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

Garcia also contends, and the Government concedes, that the term of imprisonment set forth in the written judgment conflicts with the term of imprisonment imposed at the sentencing hearing. Accordingly, this case is remanded for the district court to amend its written judgment to conform to its oral pronouncement at sentencing.  See United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001) (when there is a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls).

CONVICTION AFFIRMED; REMANDED FOR AMENDMENT OF JUDGMENT.