United States Court of Appeals

Fifth Circuit

**F I L E D**

**August 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-41874 c/w
No. 06-40003
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFRAIN YBARRA,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CR-181-2
USDC No. 2:03-CR-409-ALL
---------------------

Before GARZA, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Efrain Ybarra appeals the sentences imposed after the
district court revoked the terms of supervised release that
Ybarra was serving in connection with his conviction of
misprision of possession with intent to distribute marijuana
(USDC No. 2:02-CR-181-2) and his conviction of escape from the
federal prison where he was confined for the misprision
conviction (USDC No. 2:03-CR-409-ALL).  Ybarra argues that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's written judgments of revocation conflict with the district court's oral pronouncement of sentence.

After revoking Ybarra's terms of supervised release in both cases, the district court imposed a 12-month imprisonment term in both cases. At the sentencing hearing the district court specifically stated that the imprisonment terms were to run concurrently. However, the written judgment in the escape case states that the term is to run consecutively to the imprisonment term in the misprision case. The written judgment in the misprision case is silent regarding whether the term is concurrent or consecutive. Thus, the district court's oral pronouncement of concurrent sentences conflicts with the written judgments, which, when read together, require the imprisonment terms to run consecutively.

Therefore, because the language of the district court's oral pronouncement of sentence conflicts with its written judgments with regard to the concurrent nature of the sentences, the cases are remanded for the district court to amend the written judgments to conform to the district court's oral pronouncement of sentence. See United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001).

REMANDED.