United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-41163
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

v.

ARTURO HERNANDEZ-ZUÑIGA,

                    Defendant - Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:98 CR00360-001
--------------------

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On May 18, 1999, Arturo Hernandez-Zuñiga was sentenced to seventy-two months' imprisonment and a four year term of supervised release following his conviction for possession with the intent to distribute approximately two kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).[1]  Hernandez-Zuñiga began his term of supervised release on July 3, 2004.  On June 30, 2006, the government filed a petition for revocation of supervised release

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]This Court affirmed Hernandez-Zuñiga's conviction and sentence in *United States v. Hernandez-Zuñiga*, 215 F.3d 483 (5th Cir. 2000).

alleging that Hernandez-Zuñiga had failed to (1) report to his probation officer, and (2) participate in a drug treatment program. Both actions were required by the conditions of his supervised release. On July 18, 2006, Hernandez-Zuñiga pled true to the allegations and the district court revoked his supervised release.

The district court imposed a new sentence of seven months' imprisonment to be followed by fifty-three months of supervised release. In addition, the district court orally imposed electronic monitoring as a special condition of supervised release. The district court did not mention any form of home detention during sentencing. The written judgment, however, imposed a special condition of six months of home detention with the possibility of electronic monitoring. Because of the discrepancy between the written judgment and the oral pronouncement of his sentence, Hernandez-Zuñiga appeals the inclusion of home confinement as a condition of his supervised release.

Since Hernandez-Zuñiga had no opportunity at sentencing to consider or object to the special condition of home confinement, our standard of review is for abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

When a written judgment conflicts with the oral pronouncement of sentencing, the oral pronouncement controls. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). If, however, there is merely an ambiguity between the two sentences, we must look to the district court's intent to determine the sentence. *Id*. Both Hernandez-Zuñiga and the government agree that the written judgment

2

is in conflict with the oral pronouncement of Hernandez-Zuñiga's sentence.  Furthermore, both parties agree that the written judgment should be amended to unambiguously reflect the oral imposition of electronic monitoring without any home detention.  We agree.  Therefore the sentence is VACATED in PART and this matter is REMANDED to the district court with instructions to conform the written judgment to the oral pronouncement at sentencing, consistent with this opinion.

SENTENCE VACATED IN PART; REMANDED.