# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-41044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE ANGEL OLIVA-MACIAS,

Defendant–Appellant,

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-355-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Angel Oliva-Macias appeals the sentence imposed after the district court revoked the term of supervised release that he was serving in connection with his 2006 conviction for illegal reentry after deportation. Oliva-Macias argues that the district court's written judgment of revocation conflicts with its oral pronouncement of sentence. The Government agrees but argues that the error is harmless. Because the parties had no opportunity at sentencing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider or object to the written judgment, we review for abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

Oliva-Macias pleaded true at his revocation hearing to violating the terms of his supervised release by illegally reentering the United States in May 2008. The district court consequently revoked Oliva-Macias's term of supervised release and imposed a 12-month term of imprisonment. At the same hearing, the district court sentenced Oliva-Macias to a 24-month term of imprisonment for his guilty plea conviction for the May 2008 illegal reentry, which was a separate proceeding. The district court agreed to recommend that Oliva-Macias be placed in the prison facility in Eden, Texas, but this recommendation did not appear in the written judgment for the revocation sentence.

If a written entry of judgment conflicts with an oral pronouncement at a sentencing hearing, the oral pronouncement controls. *Bigelow*, 462 F.3d at 381, 383. Accordingly, because the district court's oral pronouncement of sentence conflicts with its written judgment with regard to the district court's recommendation that Oliva-Macias be placed at the facility in Eden, Texas, the case is remanded for the district court to amend the written judgment to conform to the district court's oral pronouncement of sentence. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

REMANDED.