# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 12, 2011

Lyle W. Cayce
Clerk

No. 10-20374
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO GARCIA GRACIA, also known as Armando Garcia, also known as
Armando Garcia Garcia, also known as Armanda Garcia-Gracia, also known as
Amando Garcia-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-657-1

Before JOLLY, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Armando Garcia Gracia appeals the sentence imposed after his guilty plea
conviction for being illegally present in the United States following deportation.
Garcia Gracia argues that the district court's written judgment of conviction
conflicts with the oral pronouncement of sentence. Because Garcia Gracia had
no opportunity at sentencing to consider or object to the written judgment, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review for abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

At sentencing, the district court advised Garcia Gracia that he could be required as a provision of supervised release to register as a sex offender, subject to the discretion of his probation officer. Garcia Gracia objected to this provision, asserting that he did not wish the registration requirement to be left to the probation officer's discretion and that he should not be required to register if he was not required to do so under state or federal law, in light of the age of his prior offenses. The district court appeared to sustain these objections at sentencing. However, the written judgment retained the discretion of the probation officer to determine whether Garcia Gracia must participate in such registration, and such a limitation need also be authorized by the court. Additionally, the written judgment did not specifically limit Garcia Gracia's participation in such a registration program to the mandates of state or federal law, although it stated that Garcia Gracia would not be required to appear for additional processing if the state in question did not have a registration program; the judgment was silent on the question whether Garcia Gracia would have to register if the pertinent state had a program, but a statute of limitations made it unnecessary for him to comply with the requirements.

If a written entry of judgment conflicts with an oral pronouncement at a sentencing hearing, the oral pronouncement controls. *Bigelow*, 462 F.3d at 381, 383. Likewise, if there is an ambiguity that may not be resolved through examination of the record as a whole, the case should be remanded for further clarification. *See United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006). Because it is not clear whether and to what extent the district court incorporated the objection made at sentencing into the written judgment, we REMAND for the district court to clarify the written judgment in light of the statements made at the sentencing hearing. *See id.*; *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).