**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2012

Lyle W. Cayce
Clerk

No. 12-30060
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS ELENILSON GONZALEZ-RIVAS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-186-2

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Santos Elenilson Gonzalez-Rivas appeals his sentence the district court imposed after he pleaded guilty to illegal reentry following deportation. Gonzalez-Rivas first argues that his 24-month above-guidelines sentence is procedurally unreasonable because the district court did not provide adequate reasons for the sentence variance. He also asserts that the written judgment conflicts with the oral pronouncement at sentencing because the district court, in imposing the $2,500 fine, stated that he did not have to pay the fine if

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deported, but that the qualification is not reflected in the written judgment. As an initial matter, the Government's unopposed motion to supplement the record on appeal with the sealed sentencing memorandum is GRANTED.

Gonzalez-Rivas's assertion that the district court articulated insufficient reasons for the variance from the guidelines range of imprisonment fails. The district court explained that it was imposing a sentence based on Gonzalez-Rivas's personal characteristics and history and the relevant 18 U.S.C. § 3553(a) sentencing factors, particularly the need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. The district court's oral pronouncement adequately explained its reasons for its sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Gonzalez-Rivas's sentence is AFFIRMED.

Our review of the record confirms that there is a conflict between the written judgment and the oral pronouncement of sentence regarding the imposition of the fine. Accordingly, the case is REMANDED FOR THE LIMITED PURPOSE of allowing the district court to conform its written judgment to its oral pronouncement of sentence to reflect the qualification that payment of whatever balance remains on his fine following his release from imprisonment is subject to Gonzalez-Rivas's deportation. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).