# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 5, 2013

Lyle W. Cayce
Clerk

No. 12-40541
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO HERNANDEZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1746-1

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Sergio Hernandez, Jr., appeals a portion of the sentence imposed after he pleaded guilty to being a felon in possession of a firearm. He contends that a special condition of supervised release imposing drug treatment and testing must be deleted from the written judgment because it was not part of the sentence announced orally in court.

"A defendant has a constitutional right to be present at sentencing." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Therefore, when a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conflict exists between a sentence pronounced orally in court and a later written judgment, the oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). "Standard" conditions of supervised release need not be announced orally, but when, as here, a written judgment contains a "special" condition of supervised release that was not contained in the oral pronouncement of sentence, the written judgment must be reformed by deleting the special condition. *Id.* at 936; *Martinez*, 250 F.3d at 942. Although we ordinarily review for abuse of discretion, *see United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006), Hernandez suggests our review should be de novo. We need not address that contention, however, Hernandez prevails und either standard.

The government relies on *Torres-Aguilar* to argue that the written drug-treatment condition is "recommended by the Sentencing Guidelines [and thus] does not create a conflict with the oral pronouncement." *Torres-Aguilar*, 352 F.3d at 938. Unlike the objective and undisputed factors relevant to imposing the dangerous-weapon prohibition in *Torres-Aguilar*, however, the subjective factors relevant to imposing the drug-treatment condition here are "not so clear as to transform" this special condition into a standard condition. *Bigelow*, 462 F.3d at 382.

Hernandez's conviction is AFFIRMED; his sentence is VACATED in PART; and this matter is REMANDED to the district court with instructions to conform the written judgment to the oral pronouncement at sentencing, consistent with this opinion.