# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50422

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAUL GARCIA HERRERA,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-291-1

Before REAVLEY, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:*

Saul Garcia Herrera pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Herrera has a previous state-law conviction, occurring when he was only twelve years old, for sexual indecency with a minor. In sentencing Herrera, the district court orally pronounced a sentence of 240 months of imprisonment and three years of supervised release. On appeal, Herrera challenges three

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions of supervised release that were not orally pronounced, but nonetheless appeared in the district court's later-issued written judgment.

Two of the three challenged conditions were imposed under the Western District of Texas's standing order on supervised release. The first of these conditions, designated "Standard Condition 14," requires Herrera to attend sex offender therapy, but only if he has a prior conviction for a state-law offense that, had federal jurisdiction existed, could be considered a "sex offense" under the Sex Offender Notification and Registration Act ("SORNA"). The second of these conditions, designated "Special Condition 5," requires that Herrera submit to random searches of his home and effects, but only if, pursuant to SORNA, Herrera must register as a sex offender. Finally, the third condition, designated an "additional condition," also requires that Herrera attend sex offender therapy upon release. Unlike Standard Condition 14, this additional condition is not SORNA-dependent. Furthermore, the additional condition was not imposed pursuant to the Western District's standing order on supervised release.

Having reviewed the record and considered the various arguments made, we vacate the supervised release conditions at issue. The government has conceded that Standard Condition 14 and Special Condition 5 do not apply to Herrera. Specifically, the government has conceded that, because of Herrera's young age at the time of his state-law conviction for sexual indecency with a minor, that conviction cannot be considered a SORNA offense. *See* 42 U.S.C. § 16911(8) ("The term 'convicted' or a variant thereof, used with respect to a sex offense [under SORNA], includes adjudicated delinquent as a juvenile for that offense, *but only if the offender is 14 years of age or older at the time of the offense* and the offense adjudicated was comparable to or more severe than aggravated sexual abuse . . . ." (emphasis added)).

No. 14-50422

With respect to the "additional condition" requiring sex offender therapy, we have reviewed all of the circumstances present in this appeal, and conclude that here we must apply the usual rule—that is, when the written judgment conflicts with the sentence as orally pronounced, the oral pronouncement controls. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

Accordingly, we VACATE only the three supervised release conditions challenged, as noted herein.  We otherwise AFFIRM the sentence as written. We REMAND this case to the district court to modify the written judgment in accordance with this opinion.

VACATED in part; AFFIRMED in part;

and REMANDED.

3