# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
October 17, 2019

Lyle W. Cayce
Clerk

No. 18-10707
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER YOHANY MARTINEZ VIERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-78-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Walter Yohany Martinez Viera was convicted of illegal reentry, and the district court sentenced him to 41 months in prison to be followed by three-years of supervised release. At sentencing, the district court advised Martinez Viera of the mandatory and standard conditions of supervised release. The written judgment contained a new "special" condition requiring Martinez Viera to participate in and pay some costs associated with an inpatient or outpatient

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

program approved by the probation officer for the treatment of alcohol or substance abuse.  The condition also required Martinez Viera to abstain from using alcohol or other intoxicants.  Martinez Viera argues that the district court erred in imposing, as part of its written judgment, the special condition because the condition was not orally pronounced at sentencing.

When, as here, a defendant has no opportunity to object to conditions of supervised release, we review for abuse of discretion.  *United States v. Rivas-Estrada*, 906 F.3d 346, 348-49 (5th Cir. 2018).  If there is a conflict between the sentence imposed in court and the written judgment, the oral pronouncement controls.  *Id.* at 350.  A conflict arises when a written judgment "broadens the restrictions or requirements of supervised release from an oral pronouncement."  *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).

The district court abused its discretion in imposing the unpronounced special condition of supervision requiring paid participation in an alcohol and substance abuse treatment program and abstention from alcohol and all other intoxicants because the condition is more burdensome than the conditions announced at sentencing.  *See Rivas-Estrada*, 906 F.3d at 351; *Mireles*, 471 F.3d at 558.  Although the record indicates that Martinez Viera had a history of alcohol and drug abuse and, thus, that treatment could be recommended under U.S.S.G. § 5D1.3(d)(4), *see United States v. Torres-Aguilar*, 352 F.3d 934, 936-38 (5th Cir. 2003), the written judgment form adopted by the district court, form AO 245B, specifically lists the condition as a special rather than standard condition and, thus, creates a conflict between the written judgment and oral pronouncement of sentence.  *See Rivas-Estrada*, 906 F.3d at 351; *United States v. Bigelow*, 462 F.3d 378, 381-83 (5th Cir. 2006); *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

No. 18-10707

Accordingly, the district court's judgment is VACATED IN PART AND REMANDED for the district court to amend its written judgment to conform to its oral sentence by removing the unpronounced special condition of supervised release.