# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50849
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEMETRIUS BROCK, also known as Demetrius Duval Brock, also known as
Demetrius Duvaljr Brock, also known as Demetrius D. Brock, Jr., also known
as Demetriuos Brock, also known as Demetriuos D. Brock, also known as
Demetrius Duval Brock, Jr., also known as Demetrious Brock, also known as
D Loc,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-282-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Demetrius Brock appeals his guilty plea conviction for possession with
intent to distribute 280 grams or more of cocaine base (Count 1), possession of
a firearm in furtherance of a drug trafficking crime (Count 2), and possession

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-50849

of a firearm following a felony conviction (Count 3).  As part of his plea agreement, Brock reserved the right to challenge the denial of his motion to suppress.  He argues that the district court reversibly erred by denying the motion because the warrant was invalid and the good-faith exception does not apply in this case because the affidavit underlying the warrant contained false and misleading information.

When reviewing a denial of a motion to suppress, this court reviews factual findings for clear error and conclusions of law de novo.  *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).  In addition to deferring to the district court's factual findings, this court must view the evidence in the light most favorable to the prevailing party.  *See id.*

Under the good-faith exception, evidence obtained during execution of a warrant later determined to be deficient is admissible if the executing officer's reliance upon the warrant was objectively reasonable and made in good faith. *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir. 2013).  The exception does not apply (1) if the issuing judge was misled by information in an affidavit that the affiant knew or should have known was false; (2) if the issuing judge abandoned his impartial judicial role; (3) if the affidavit supporting the warrant so lacks indicia of probable cause that reliance on it is entirely unreasonable; or (4) if the warrant on its face is so deficient in identifying the place to be searched or the things to be seized that it cannot reasonably be presumed valid.  *See United States v. Leon*, 468 U.S. 897, 923 (1984).

Brock has not demonstrated that the warrant was deficient or that, if deficient, the good-faith exception would not apply.  *See Leon*, 468 U.S. at 923; *Woerner*, 709 F.3d at 533.  Consequently, the district court did not reversibly err by denying Brock's motion to suppress.  *See Pack*, 612 F.3d at 347.

No. 18-50849

The sentencing transcript reflects that the district court orally pronounced a 121-month sentence on Count 1 and imposed a total sentence of 180 months of imprisonment, consistent with the binding recommendation in the plea agreement; however, a 121-month sentence on Count 1 would lead to a total sentence of 181 months of imprisonment.

"[I]t is well settled law that where there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (internal quotation marks and citation omitted). Here, the record, read as a whole, indicates that the district court intended to sentence Brock to 120 months of imprisonment on Count 1 and that the reference to 121 months in the sentencing transcript reflects either a misstatement by the district court during sentencing or a typographical error by the court reporter in the transcription of the sentencing hearing. Federal Rule of Criminal Procedure 36 provides, in relevant part, that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

In light of the foregoing, the judgment is AFFIRMED. The case is REMANDED to the district court for the limited purpose of correcting the transcript to reflect the sentence that was orally pronounced. *See* FED. R. CRIM. P. 36; *Martinez*, 250 F.3d at 942.