# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2020

Lyle W. Cayce
Clerk

No. 18-40096
Summary Calendar

United States of America,

*Plaintiff—Appellee,*

*versus*

Terence Millsaps,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CR-35-1

Before Jolly, Elrod, and Graves, Circuit Judges.

Per Curiam:*

Terence Millsaps appeals the sentence imposed following his guilty-plea conviction for assaulting a federal officer. Specifically, Millsaps contends that there is an impermissible conflict between the district court's

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40096

oral pronouncement of sentence and the written judgment imposing two special conditions of supervised release.

Because a defendant "has a constitutional right to be present at sentencing," an orally pronounced sentence controls in the case of a conflict with the written sentence. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Such a conflict may arise where "a sentencing court omits certain [supervised release] conditions from its oral pronouncement but includes them in its written judgment." *United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019). On the other hand, if there is merely an ambiguity between the oral and written versions of a condition, "the entire record must be examined to determine the district court's true intent." *Martinez*, 250 F.3d at 942.

Since the district court expressly adopted at sentencing, and thereby orally pronounced, the special conditions listed in the presentence report (PSR), Millsaps had an opportunity to object to those conditions. *See United States v. Diggles*, 957 F.3d 551, 559-62 (5th Cir. 2020) (en banc). Because he failed to do so, the plain error standard of review applies. *See id.*; *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (holding that the plain error standard requires the defendant to show a clear or obvious error that affected his substantial rights).

Given that the special conditions listed in the PSR and adopted by the district court at sentencing are identical to those in the written judgment, there is no apparent conflict between the oral and written sentences. *See Vasquez-Puente*, 922 F.3d at 703. Even if it is assumed arguendo that the district court created ambiguity by describing the two adopted special conditions in abbreviated terms, the record does not indicate that the district court intended thereby to alter the terms of those special conditions. *See Martinez*, 250 F.3d at 942. The district court did not, therefore, create a clear

No. 18-40096

or obvious conflict between the oral and written supervised release conditions. *See Puckett*, 556 U.S. at 135; *Vasquez-Puente*, 922 F.3d at 703. Because Millsaps has failed to demonstrate plain error, *see Puckett*, 556 U.S. at 135, the judgment of the district court is AFFIRMED.