# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50042
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRIANNA IRENE BUSTAM,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-455-1

_____

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

Defendant-Appellant Brianna Irene Bustam appeals her sentence, asserting that the district court erred by not applying a two level safety-valve reduction pursuant to U.S.S.G. § 2D1.1(b)(1)(18). *See* U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f). Bustam has moved for summary affirmance because her arguments are foreclosed by *United States v. Palomares*, 52 F.4th 640 (5th Cir.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

2022). We agree and grant Bustam's motion. In *Palomares*, we used a "distributive approach" to interpret § 3553(f)(1) and concluded that criminal defendants are "ineligible for safety-valve relief under § 3553(f)(1) if they run afoul of any one of its requirements." *Id.* at 647.

However, we note s*ua sponte* that the district court was divested of its jurisdiction, pending this appeal, to issue an amended judgment pursuant to Criminal Rule 36, as it did here. *See United States v. Lucero*, 755 F. App'x 384, 387 (5th Cir. 2018) ("In a criminal case, an effective notice of appeal divests the district court of jurisdiction, and a district court cannot use a Rule 36 motion to reacquire it and entertain a later-filed motion to correct a clerical error."). Bustam's notice of appeal was filed January 18, 2023, yet an amended judgment was entered on January 23. We therefore vacate the amended judgment and remand for the limited purpose of permitting the district court to correct the judgment in accordance with Rule 36 now that this appeal is resolved. *See id.*; *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) ("[W]here there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails.").

Bustam's motion for summary affirmance is GRANTED and the original judgment is AFFIRMED. But we VACATE the amended judgment and REMAND for the limited purpose of correcting the clerical error related to the term of supervised release.