# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-10361

_____

CHARLES ETTA WILLIAMS,

Plaintiff-Appellant,

VERSUS

DALLAS AREA RAPID TRANSIT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

June 26, 2001

ON PETITION FOR REHEARING EN BANC

(Opinion 2/22/01, 5 Cir., 2001, 242 F.3d 315)

Before POLITZ, SMITH, and PARKER,
　　Circuit Judges.

PER CURIAM:

　　Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. The court having been polled at the request of one of the members of the court, and a majority of the judges who are in regular active service not having voted in favor (*see* FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

JERRY E. SMITH, Circuit Judge, with whom JONES and DeMOSS, Circuit Judges, join, dissenting from the denial of rehearing en banc:

The refusal of the en banc court to rehear this case en banc is unfortunate, for this is an opportunity to revisit the questionable practice of denying precedential status to unpublished opinions. Although I believe the panel reached a correct result, based primarily on the test set forth in *Clark v. Tarrant County*, 798 F.2d 736 (5th Cir. 1986), I respectfully dissent from the denial of rehearing en banc, which would have given this court an opportunity to examine the question of unpublished opinions generally, an issue that is important to the fair administration of justice in this circuit.

## I.

Consider what has occurred in this case. In *Anderson v. DART*, 180 F.3d 265 (5th Cir.) (per curiam) (unpublished) (table), *cert. denied*, 528 U.S. 1062 (1999), a panel of this court affirmed, "for essentially the reasons stated by the district court in its comprehensive and well-reasoned opinion," the judgment in *Anderson v. DART*, No. CA3:97-CV-1834-BC, 1998 U.S. Dist. LEXIS 15493 (N.D. Tex. Sept. 29, 1998), in which the magistrate judge had held that "DART is a political subdivision of the state of Texas, and is therefore immune from suit under the Eleventh Amendment." *Id.* at *24.

If the *Anderson* panel had published its opinion, it would have been binding on the panel in the instant caseSS*Williams*SSand the result here would have been different. Based, however, on the mere fortuity that the *Anderson* panel decided not to publish, our panel in *Williams* was free to disagree with *Anderson* and to deny to DART the same immunity that

*Anderson* had conferred on it less than two years earlier.

What is the hapless litigant or attorney, or for that matter a federal district judge or magistrate judge, to do? The reader should put himself or herself into the shoes of the attorney for DART. That client is told in May 1999, by a panel of this court in *Anderson*, that it is immune, on the basis of a "comprehensive and well-reasoned opinion." Competent counsel reasonably would have concluded, and advised his or her client, that it could count on Eleventh Amendment immunity.

Then, in March 2000, in the instant case, a federal district judge, understandably citing and relying on the circuit's decision in *Anderson*, holds that "[i]t is firmly established that DART is a governmental unit or instrumentality of the state of Texas." In February 2001, however, a panel, containing one of the judges who was on the *Anderson* panel, reverses and tells DART that, on the basis of well-established Fifth Circuit law from 1986, it has no such immunity. One can only wonder what competent counsel will advise the client now.

## II.

Fifth Circuit Rule 47.5.4 specifies that "[u]npublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case . . . ." This court's primary asserted justification for issuing unpublished opinions is efficiency.[1] Indeed, effi

---

[1] *See* 5TH CIR. R. 47.5.1 ("The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the
(continued...)

ciency may be the only justification for the practice of issuing unpublished opinions, but one that cannot be gainsaid. Danny J. Boggs & Brian P. Brooks, *Unpublished Opinions & the Nature of Precedent*, 4 GREEN BAG 2D 17, 19-21 (2000).

The justification for refusing to confer precedential status on such opinions is more tenuous. It maybe that, when this court promulgated rule 47.5 in 1995, the relative unavailability of unpublished opinions rendered their use as precedent fundamentally unfair. Today, however, that proposition is untenable: "Between Lexis and Westlaw, Internet sites maintained by universities and some of the circuit courts of appeals, and networks of attorneys practicing in particular fields, it is the rare opinion that is not disseminated for mass consumption." Boggs & Brooks, *supra*, at 18.[2]

The primary justification for refusing to grant unpublished opinions precedential weightSSat least in this circuitSSis, however, that an unpublished opinion will not "in any way interest persons other than the parties to [that particular] case," because the opinion neither establishes a new rule of law, modifies an existing rule of law, applies an existing rule to distinct facts, nor concerns any issue of significant public interest. 5TH CIR. R. 47.5.1. Thus, at least theoretically, because an un-

published case does nothing new, an older case easily can be cited for the same proposition, rendering citation to the unpublished opinion unnecessary.

To the contrary, however, there are opinions that, though unpublished, do establish a new rule of law or apply existing law to distinct facts. In *Christie v. United States*, No. 91-2375MN (8th Cir. Mar. 20, 1992) (per curiam) (unpublished), the court, addressing the issue as *res nova*, held that the "mailbox rule" does not apply to refund claims against the Internal Revenue Service. In *Anastasoff v. United States*, 223 F.3d 898 (8th Cir.), *vacated as moot*, 235 F.3d 1054 (8th Cir. 2000) (en banc), another panel of the Eighth Circuit faced the same issue.

In *Anastasoff*, the taxpayer argued that *Christie*, the only Eighth Circuit decision on point, should be ignored because of its unpublished disposition. The court refused to overlook *Christie*, however, declaring that the circuit's local rule restricting the precedential value of unpublished opinions is unconstitutional. *Id.* at 899. As I will discuss, the court's holding on the constitutional question is at least arguable; *Christie*, moreover, is instructive as a textbook example of an unpublished opinion that in fact does announce a new rule of law. As I have explained, the same phenomenon occurred in the instant case.

Empirical evidence suggests that cases such as *Christie* and *Anderson* are more common than one might think. One study of unpublished opinions found "a surprising number of reversals, dissents, and concurrences. . . . suggest[ing] that panels authoring unpublished opinions reach some results with which other reasonable judges would disagree. . . . [F]ailing to give unpublished opinions prece-

---

[1] (...continued)
legal profession.").

[2] On the other hand, there are substantial arguments in favor of making unpublished opinions non-precedential. *See, e.g.*, Alex Kozinski & Stephen Reinhardt, *Please Don't Cite This! Why We Don't Allow Citation to Unpublished Dispositions*, CAL. LAWYER, June 2000, at 43.

dential effect raises the very specter described by the Eight Circuit: that like cases will be decided in unlike ways . . . ." Deborah Jones Merritt & James J. Brudney, *Stalking Secret Law: What Predicts Publication in the United States Courts of Appeals*, 54 VAND. L. REV. 71, 119 (2001) (citing *Anastasoff*, 223 F.3d at 901, 905).[3]  In the first half of 2001, this circuit has declined to publish at least four opinions in which a judge dissented,[4] indicating that at least one of our number felt that each of those cases was not an easy application of existing law to indistinguishable facts.

### III.

For this reason, among others, the issuance of unpublished, non-precedential opinions recently has come under more intense scrutiny.[5]

In *Anastasoff*, Judge Richard Arnold, writing for the panel that declared the practice unconstitutional, questioned whether Article III's "judicial power" includes the power to disregard precedent, citing several historical bases for the conclusion that, when the Constitution was framed, "[t]he duty of courts to follow their prior decisions was understood to derive from the nature of the judicial power itself and to separate it from a dangerous union with the legislative power," *Anastasoff*, 223 F.3d at 930, despite the fact that "[b]efore the ratification of the Constitution, there was almost no private reporting and no official reporting at all in the American states," *id*.  The panel therefore decided that Article III does not empower a court to ignore any of its prior cases, unpublished or not.  *Id.*

*Anastasoff* has generated substantial controversy, and its historical research and conclusions have been criticized.[6]  Even if one disagrees that non-precedential opinions violate the Constitution, however, the issue is close enough for this court to give it en banc consideration.

### IV.

In addition to the constitutional issue, the practice of refusing to recognize unpublished opinions as precedent raises important prudential questions.  As I have said, one assumption on which the practice is based§§that such opinions create no new law§§is dubious.  Moreover, in this particular case, one must

---

[3] *See also* Boggs & Brooks, *supra*, at 20-21 ("As an empirical matter, plenty of unpublished decisions have been accepted for review and reversed by the Supreme Court, demonstrating that it is difficult to make prospective decisions about which legal issues are 'easy' in the abstract.").

[4] *See, e.g.*, *United States v. Vazquez-Hernandez*, No. 99-51159 (5th Cir. Apr. 18, 2001) (per curiam) (unpublished); *United States v. Thompson*, No. 99-41007 (5th Cir. Apr. 9, 2001) (unpublished); *Nix v. Cain*, No. 99-30139 (5th Cir. Feb. 22, 2001) (per curiam) (unpublished); *Lewis v. FDIC*, No. 99-60412 (5th Cir. Feb. 2, 2001) (unpublished).

[5] *See, e.g.*, *Anastasoff*, 223 F.3d at 899-900; A.B. 2404, 1999-00 Assem., Reg. Sess. (Cal. 2000) (requiring all state supreme court and appellate opinions to be available for private publication and to "constitute precedent under the doctrine of stare decisis the same as opinions published in the official reports."); *see generally* Merritt & Brudney, *supra*, at 72-74 & nn.5-7 (describing the debate over unpublished, non-precedential (continued...)

[5](...continued)
opinions, and compiling sources).

[6] For a discussion of the criticism and a defense of Judge Arnold's conclusions, see Polly J. Price, *Precedent and Judicial Power After the Founding*, 42 B.C. L. REV. 81, 82-84, *passim* (2001).

question the fundamental fairness of having two opinions from the same court, one giving DART Eleventh Amendment immunity and the other, less than two years later, taking that immunity away.

The law is supposed to inform the choices of potential litigants. How can this circuit's decisions do so, if they carry no predictive effect?

Moreover, the justification for unpublished opinionsSSthat, as a matter of efficiency, the court should not publish redundant opinionsSSprovides no support for the proposition that such opinions should carry no precedential weight. If the opinion is a mere restatement of existing law (as it must be, if it is accorded unpublished status), what is the harm in viewing it as precedent?

There are powerful arguments both for and against the policy of giving precedential effect to unpublished opinions. Given the attention garnered by *Anastasoff*, both before and after that litigation was discontinued for mootness, and given the untoward inconsistency in result that I have pointed out from our circuit, this matter surely is important enough for the court to reconsider en banc.

Even without en banc consideration, I hope the court will reconsider the efficacy of rule 47.5.4 Because of its refusal to do so in the form of an en banc rehearing of the *Williams* case, I respectfully dissent from the denial of rehearing en banc.[7]

---

[7] Although the broad issue of how to handle unpublished opinions is the main reason to grant en banc review, there also is a need to reconcile this court's jurisprudence on the often-recurring (continued...)

[7](...continued)
question of Eleventh Amendment immunity for governmental entities. Our caselaw is hopelessly confused on that issue, and frequently it is difficult to tell which of our opinions is binding caselaw. *See, e.g.*, *Southwestern Bell Tel. Co. v. City of El Paso*, 243 F.3d 936 (5th Cir. 2001); *Reynolds v. DART*, No. Civ. A. 3:98-CV0982M, 2000 U.S. Dist. LEXIS 15536, at *1 (N.D. Tex. Oct. 20, 2000).