United States Court of Appeals
Fifth Circuit

**F I L E D**

September 3, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 03-40975

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SANTIAGO SANTILLANA,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(B-03-CR-126-1)**

---

Before BARKSDALE and PICKERING, Circuit Judges, and LYNN[*],

District Judge.

PER CURIAM:[**]

Santiago Santillana pleaded guilty to conspiring to transport and harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He was sentenced, *inter alia*, to 37 months' imprisonment and three years' supervised release. Santillana claims the judgment (written judgment) improperly added a condition of supervised release ("not possess ... any other dangerous

---

[*]District Judge for the Northern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

weapon") not mentioned in the oral sentence pronouncement and that this condition is vague and overbroad. **AFFIRMED**.

## I.

At sentencing, the district court stated, *inter alia*, that Santillana would serve three years' supervised release, in compliance with the standard conditions required by law and the special conditions that he not unlawfully possess or use a controlled substance and that he attend a substance abuse program; and that he "not possess a firearm or destructive device". The written judgment, however, stated, *inter alia*: "The defendant shall not possess a firearm, destructive device, *or any other dangerous weapon*". (Emphasis added.)

## II.

## A.

Santillana contends the "not possess ... any other dangerous weapon" condition is an additional special condition of his supervised release that was not pronounced at oral sentencing and is therefore improper. Obviously, Santillana could not have objected at sentencing to the any-other-dangerous-weapon condition because it was not imposed until the written judgment. Therefore, we review for abuse of discretion the imposition of the condition. **United States v. Torres-Aguilar**, 352 F.3d 934, 935 (5th Cir. 2003).

2

Santillana relies on **United States v. Martinez**, 250 F.3d 941, 942 (5th Cir. 2001), which held a defendant's constitutional right to be present at sentencing requires that, "when there is conflict between a written sentence and an oral pronouncement, the oral pronouncement controls". In **Martinez**, the district court imposed a special condition of mandatory drug treatment in its written judgment that had not been orally pronounced at sentencing. **Id**. **Martinez** held it was significant that the mandatory drug treatment was a "special" condition of release that imposed a greater restriction on liberty than the "standard" conditions, which need not be specifically included in the oral pronouncement. **Id**. Because the district court's failure to mention the special condition of drug treatment at sentencing created a conflict with the written judgment, we remanded for the district court to amend the written judgment to conform to the oral sentence pronouncement. **Id**.

Santillana's reliance on **Martinez** is misplaced; the any-other-dangerous-weapon restriction is *not* a special condition. The condition is stated in the written judgment's standard "supervised release" section, not in the "special conditions of supervision" section.

In **Torres-Aguilar**, we held prohibiting the defendant from possessing "any other dangerous weapon" during supervised release

was a standard condition because it was recommended by Sentencing Guidelines § 5D1.3(d)(1) for all defendants convicted of a felony. 352 F.3d at 938. Accordingly, because Santillana was convicted of a felony, the addition of the standard dangerous-weapon condition in the written judgment did not conflict with the district court's oral pronouncement. *Id*.

*Torres-Aguilar* is controlling. The district court did *not* abuse its discretion by including the dangerous-weapon condition in the written judgment.

2.

Santillana claims *Torres-Aguilar* violates Article III of the Constitution by failing to follow *United States v. Gurrola-Martinez*, No. 02-20945, 74 Fed. Appx. 383 (5th Cir. 2003) (unpublished)(remanding to district court for written judgment to conform to oral sentence pronouncement where oral sentence did not contain "any dangerous weapon" supervised release condition). He cites no Supreme Court or published Fifth Circuit authority supporting this contention and our local Rule 47.5.4 states that unpublished opinions issued after 1 January 1996 are *not* precedent, except in limited circumstances not applicable here. *Cf*. *Williams v. Dallas Area Rapid Transit*, 256 F.3d 260 (5th Cir. 2001) (denial of petition for rehearing en banc over dissent questioning Fifth Circuit's rule of denying precedential status to unpublished opinions).

B.

Santillana next maintains the any-other-dangerous-weapon condition should be deleted from the written judgment because it is vague and overbroad. Although the district court has wide discretion in imposing these conditions, they "must be reasonably related to 'the nature and circumstances of the offense and the history and characteristics of the defendant', 18 U.S.C. § 3355(a)(1); and must involve no greater deprivation of liberty *than is reasonably necessary in the light of the need to 'afford adequate deterrence to criminal conduct'*, 18 U.S.C. § 3553(a)(2)(B) [, and] '*to protect the public from further crimes of the defendant'*, 18 U.S.C. § 3553(a)(2)(C)". **United States v. Coenen**, 135 F.3d 938, 944-45 (5th Cir. 1998) (emphasis in original). For the following reasons, we hold there was no abuse of discretion.

1.

We interpret Santillana's "overbreadth" challenge to mean the any-other-dangerous-weapon condition violates the limiting requirement that it involve no greater deprivation on liberty than necessary to achieve its goals. *See* **United States v. Paul**, 274 F.3d 155, 165 n.12 (5th Cir. 2001), *cert. denied*, 535 U.S. 1002 (2002). Santillana was convicted of transporting illegal aliens and while on supervised release is prohibited from committing both federal and state crimes. Under these circumstances, the any-other-dangerous-weapon condition does not involve a greater

5

deprivation of liberty than is necessary to afford adequate deterrence of criminal conduct and to protect the public from further crimes by him.

2.

For Santillana's vagueness challenge, we have held: "Conditions of probation may afford fair warning even if they are not precise to the point of pedantry. In short, conditions of probation can be written — and must be read — in a *commonsense way*". *Id*. at 167 (citations omitted; emphasis added). A "dangerous weapon" is defined by the Guidelines as

> (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument (e.g. a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun).

U.S.S.G. § 1B1.1, comment (n.1(d)). When read in the requisite commonsense manner, this definition reflects that *intent* to cause harm is required in order to characterize as a dangerous weapon an instrument which is not dangerous when used in its customary manner.

III.

For the foregoing reasons, the judgment is

*AFFIRMED*.