**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 20, 2004**

Charles R. Fulbruge III
Clerk

REVISED JANUARY 4, 2005

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21055
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR HUMBERTO GARCIA-MEJIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:

Oscar Humberto Garcia-Mejia ("Garcia-Mejia") is a citizen of
Mexico.  He was deported on July 25, 1997 following his release
from state prison on a conviction for burglary of a habitation.  He
was then "found" in the United States by the federal government on
April 13, 2000 while again in prison in Texas for burglary.  Upon
his release from prison on July 18, 2002, he was taken into custody
by immigration officials who determined that he had not obtained

permission from the Attorney-General to return to the United States. A one-count indictment was filed in the district court for the southern district of Texas charging Garcia-Mejia under 8 U.S.C. § 1326(a) and (b)(2) with illegal re-entry by a previously deported alien subsequent to a conviction for an aggravated felony. He entered a plea of guilty on October 29, 2002 and was sentenced on October 21, 2003 to, *inter alia*, seventy-seven months of imprisonment and three years of supervised release.

Garcia-Mejia challenges his sentence on two grounds. First, he argues, as he did below, that the district court abused its discretion by prohibiting him from possessing "a firearm, destructive device, or any other dangerous weapon" while on supervised release because the term "other dangerous weapon" is both impermissibly vague and overbroad.[1] Second, he argues, for the first time on this appeal, that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Garcia-Mejia first challenges the condition of supervised

---

[1] Though the condition in question appears in the guidelines as a "special condition," *see* U.S.S.G. § 5D1.3(d)(1), it is considered akin to a "standard condition" as those are set forth in U.S.S.G. § 5D1.3(b) and (c). *See United States v. Torres-Aguilar*, 352 F.3d 934, 937 (5th Cir. 2003). This court reviews the imposition of conditions of supervised release for an abuse of discretion. *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001).

release prohibiting him from possessing dangerous weapons by arguing that it is overly broad.[2] The crux of his argument is that the term "dangerous weapon," as it is defined in the guidelines, plausibly includes everyday items like eating utensils and construction tools.[3] The condition of supervised release, in other words, seemingly applies to things that, though potentially dangerous in some sense, are, by virtue of their ubiquity and ordinariness, an almost unavoidable part of everyday life. Garcia-Mejia's claim that the condition of supervised release is overly broad is in effect a claim that the condition fails to satisfy the statutory requirement, codified at 18 U.S.C. § 3583(d)(2) and U.S.S.G. § 5D1.3(b), that every condition of supervised release involves "no greater deprivation of liberty than is reasonably necessary in light of the need to protect the public and prevent

---

[2] Garcia-Mejia, whose sentence is for a felony conviction and who has a prior felony conviction for a crime of violence, *United States v. Rayo-Valdez*, 302 F.3d 314, 317 (5th Cir.), *cert. denied*, 537 U.S. 1095 (2002), and an otherwise extensive criminal history, does not challenge the district court's conclusion that he is properly subject to a condition of supervised release under U.S.S.G. § 5B1.3(d)(1) prohibiting him from possessing dangerous weapons. Instead, he simply objects that this prohibition is overly broad and vague.

[3] The guidelines provide that: "'Dangerous weapon' means (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant uses the object in a manner that created the impression that the object was such an instrument (*e.g.* a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun)." U.S.S.G. § 1B1.1, comment, n.1(D).

3

recidivism." *Paul*, 274 F.3d at 165 n. 12.

Garcia-Mejia also objects to the condition of supervised release on the ground of vagueness. He contends that he cannot reasonably ascertain what sort of conduct is proscribed by the prohibition on the possession of a "dangerous weapon." *See id.* at 166 (stating that offenders subject to conditions of supervised release are entitled to "fair notice" of what is prohibited).

We addressed similar arguments in *United States v. Paul*. In *Paul*, the district court imposed a series of broad prohibitions as conditions of supervised release on a defendant convicted of child pornography crimes. *Id.* at 164-172. Paul, for example, was to avoid "places, establishments and areas frequented by minors." *Id.* at 165. Paul contended that this condition was too broad because it encompassed inevitable encounters with children in places like grocery stores. He further argued that it was vague because he could not determine what it meant for a place to be "frequented by minors." He similarly complained of the requirement that he avoid "direct and indirect contact with minors." *Id.*

We concluded that the district court did not abuse its discretion. We reasoned that the condition in question should be construed to exclude "chance or incidental encounters." *Id.* at 166. In reaching this conclusion, we implicitly drew a distinction between unavoidable situations that arise as a regular part of daily life and avoidable situations that arise as a result of

4

conduct undertaken with a purpose of achieving a result which the supervised release conditions plainly intend to preclude.  We also stated, with respect to Paul's contention that the condition in question was too vague, that conditions of supervised release are to be interpreted in light of common sense.  *Id.* at 166-167 ("'[C]onditions of probation do not have to be cast in letters six feet high, or [] describe every possible permutation, or [] spell out every last, self-evident detail.'") (quoting *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1993)).  Using common sense as his guide, Paul should have been able to distinguish between the sorts of places that are "frequented by minors" that he cannot reasonably avoid, such as grocery stores, and the sorts of places that he can, such as playgrounds and video arcades.

Applying *Paul* to the instant case, we similarly find no abuse of discretion in the district court's decision to prohibit Garcia-Mejia from possessing "dangerous weapons" as a condition of supervised release.  The lesson of *Paul* is that Garcia-Mejia will violate his supervised release only by possessing a "dangerous weapon" in a context in which, by the dictates of common sense, that "dangerous weapon" has no legitimate, everyday use.  The district court's prohibition on the possession of "dangerous weapons," for instance, would not prevent Garcia-Mejia from using the restaurant's steak-knife to cut the meat he was eating there, but it would prevent him from carrying a steak-knife in his pocket

5

for protection.  In using common sense this way, we strive to balance Garcia-Mejia's interest in leading an unencumbered life with the public's interest in being protected from people with a history of violent crime.  *See also United States v. Santillana*, 03-40975, 2004 WL 1950438 (5th Cir. Sept. 3, 2004) at **2-**3.

Turning to his *Apprendi* challenge, as Garcia-Mejia concedes, his argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi* is foreclosed by *Almendarez-Torres*, 523 U.S. 224 (1998).[4] *Apprendi* did not overrule *Almendarez-Torres*.  *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). Thus, Garcia-Mejia's argument has no merit.  It certainly does not present plain error.

The district court's judgment is

AFFIRMED.

---

[4] Garcia-Mejia makes this *Apprendi* challenge only to preserve his claim for future review by the United States Supreme Court.