United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20969
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RODNEY JORDAN FERNANDEZ,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-635-1
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

      Rodney Jordan Fernandez appeals his guilty-plea conviction
of illegal reentry after deportation, for which he was sentenced
to 70 months of imprisonment, three years of supervised release,
and a $100 special assessment.

      Fernandez argues for the first time on appeal that the
"felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a)
and (b) are unconstitutional. He acknowledges that his argument
is foreclosed, but he seeks to preserve the issue for possible

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Fernandez concedes, this issue is foreclosed. See Almendarez- Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Garcia-Mejia, 394 F.3d 396, 398-99 (5th Cir. 2004).

Fernandez also argues that the district court erred in enhancing his base offense level by 16 levels based on his prior Texas conviction for injury to a child because it was not a crime of violence. He argues that the offense did not require proof of the element of the use, attempted use, or threatened use of physical force against a person.

Section § 2L1.2 of the United States Sentencing Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary to U.S.S.G. § 2L1.2 defines "crime of violence" as any of certain listed offenses or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). Because injury to a child is not a listed offense, the offense must involve the use, attempted use, or threatened use of physical force to be a "crime of violence" in this context.

In determining whether the offense is a crime of violence, the court "looks to the <u>elements</u> of the crime, not to the defendant's actual conduct in committing it."  <u>United States v. Calderon-Pena</u>, 383 F.3d 254, 257 (5th Cir. 2004)(en banc), <u>cert. denied</u>, 125 S. Ct. 932 (2005).  If an offense statute contains disjunctive elements, a sentencing court may look to the offense conduct described in the indictment or jury instructions for the limited purpose of determining which of the elements were satisfied in the defendant's conviction.  <u>Id.</u> at 258.

TEX. PENAL CODE ANN. § 22.04(a), the statute under which Fernandez was indicted and convicted, "criminalizes acts or omissions that intentionally, knowingly, recklessly, or negligently result in injury to a child."  <u>United States v. Gracia-Cantu</u>, 302 F.3d 308, 312 (5th Cir. 2002).  The commission of the offense does not require the use of physical force against a person.  <u>Id.</u>; <u>see</u> <u>United States v. Rodriguez-Rodriguez</u>, 388 F.3d 466, 469 (5th Cir. 2004).

Although Fernandez's indictment charged that he struck a child with a cord, the statute underlying his offense does not require the use of physical force to be proved as an element of the offense.  Furthermore, even if TEX. PENAL CODE ANN. § 22.04(a) were pared down to include only those elements supported by the indictment, it would not constitute a crime of violence in Fernandez's case because the statute's requirement that the defendant "cause[]" bodily injury is not equivalent to the

requirement of "the use, attempted use, or threatened use of physical force against the person of another" in the commentary to U.S.S.G. § 2L1.2.  See United States v. Vargas-Duran, 356 F.3d 598, 606 (5th Cir.) (en banc), cert. denied, 124 S. Ct. 1728 (2004).  Thus, it was not a crime of violence warranting a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Accordingly, the sentence is VACATED and the case is REMANDED to the district court for resentencing in accordance with this opinion and United States v. Booker, 125 S. Ct. 738 (2005).

SENTENCE VACATED; CASE REMANDED TO THE DISTRICT COURT FOR RESENTENCING.