United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR HUMBERTO GARCIA-MEJIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-589-ALL

On Remand from the Supreme Court
of the United States

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case is now before us on remand from the Supreme Court. On December 20, 2004, we affirmed appellant's conviction and sentence, *U.S. v. Garcia-Mejia*, 394 F.3d 396 (5th Cir. 2004), and

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by its June 6, 2005 order the Supreme Court granted appellant's petition for writ of certiorari, vacated our judgment and remanded the case to this court "for further consideration in light of *United States v. Booker* [125 S.Ct. 738 (2005)]." *Garcia-Mejia v. United States*, 125 S.Ct. 2555 (2005). Pursuant to our instructions, the parties have filed with us briefs stating their respective positions as to the appropriate action for this court to take pursuant to the Supreme Court's said remand order.

Appellant, represented by an Assistant Federal Public Defender, argues only that he is entitled to resentencing because he was sentenced under a mandatory guidelines system rather than the advisory guidelines system decreed by *Booker*, and that such sentencing constitutes error under *Booker* which is now "plain."[1]

---

[1] Appellant does not contend that he was sentenced on the basis of facts (or facts other than prior conviction(s)) neither admitted by him nor found by a jury in violation of his Sixth Amendment rights (nor by the court on a basis less than beyond a reasonable doubt). Nor does he contend that his sentence is unreasonable.

In his appeal to this court appellant, who pled guilty to violation of 8 U.S.C. § 1326 and was sentenced to 77 months' confinement under § 1326(b), contended (in addition to his primary, and sole other, complaint directed to one of the terms of his supervised release) that "[t]he 'felony' and 'aggravated felony' provisions of 8 U.S.C. § 1326(b)(1)& (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as it appears that a majority of the members of the Court now believe that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was wrongly decided." Appellant conceded he had not raised any such issue in the district court and also stated that "this issue is foreclosed and is raised solely for possible Supreme Court review." We rejected this contention on the basis of our prior holding that we "must follow *Almendarez-Torres* 'unless and until the Supreme Court itself determines to overrule it.'" 394 F.3d 396 at 399

2

Appellant was charged in a one count indictment with being an alien who, having been previously excluded, deported and removed from the United States after conviction of an aggravated felony, was present in the United States without having obtained the consent of the Attorney General for reapplication for admission, contrary to 8 U.S.C. § 1326(a) and (b)(2).  Appellant, represented by an Assistant Federal Public Defender, pleaded guilty (without a plea agreement).  The Presentence Report (PSR), to which no

---

(quoting *U.S. v. Dabit*, 231 F.3d 979 at 984 (5th Cir. 2000)).

In his petition for certiorari to the Supreme Court appellant, through counsel, urged two points.  His first point was that the Supreme Court "should 'GVR' this case because . . . [petitioner] was sentenced under the federal sentencing scheme mandated by 18 U.S.C. § 3553(b)(1) and the United States Sentencing Guidelines, which this Court found in *United States v. Booker* . . . to be facially unconstitutional."  Under this point, appellant stated that "this Court should 'GVR this case so that the lower courts may review it in light of *Booker*."  Appellant's second point in his certiorari petition states "This Court should overrule its prior decision in *Almendarez-Torres v. United States* . . . ."  Under this point, appellant does not cite *Booker* and states "this Court should grant certiorari . . . to reconsider the constitutional holding in *Almendarez-Torres.*"

The government filed a one and half page response to the certiorari petition stating that "the appropriate disposition is to grant certiorari, vacate the judgment of the court of appeals, and remand the case for further consideration in light of *Booker* and *Fanfan.*"

We think it obvious that the Supreme Court's June 6, 2005 order granting the writ, vacating our judgment and remanding to us for reconsideration in light of *Booker* – an order commonly known as a "GVR" – was not in response to the second point (that concerning *Almendarez-Torres*) in the certiorari petition and that the remand to this court does not contemplate our reconsideration of whether we should depart from *Almendarez-Torres*.  Nor does appellant make any contention that our reconsideration should extend to whether we should continue to follow *Almendarez-Torres*.

3

objection was made and which so far as here relevant was adopted by the district court, calculated the base offense level as eight under U.S.S.G. § 2L1.2(a) and added a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for appellant's prior aggravated felony conviction for burglary of a habitation, producing an offense level of twenty-four; a three-level reduction for acceptance of responsibility resulted in an ultimate offense level of twenty-one. With a criminal history category of VI, the guideline sentencing range was calculated as 77 to 96 months' imprisonment. No challenge is made to any of these determinations or calculations (nor do we perceive any error therein). The district court ultimately sentenced appellant to 77 months' imprisonment followed by a three year term of supervised release.

In his appeal to this court appellant, represented by an assistant Federal Public Defender, at no time raised any *Booker*-related issue, and he concedes that the *Booker* issue he now seeks relief on was raised for the first time in his petition to the Supreme Court for writ of certiorari. We have held, however, that when an appellant, whose case has been remanded to us by the Supreme Court in a GVR order for reconsideration in light of *Booker*, "does not raise any *Booker*-related challenges to his sentence until his petition for certiorari, we will not review his claim absent extraordinary circumstances." *United States v. Ogle*, ___ F.3d ___, ___ (5th Cir., June 27, 2005, No. 03-60833, slip op.

4

3003 at 3004); *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005). "Even if appellant can satisfy the plain error test, he has not met the even more exacting test required to show the presence of extraordinary circumstances, which requires appellant to show a 'possibility of injustice so grave as to warrant disregard of usual procedural rules'." *Ogle*, ___ F.3d at ___ (citation omitted). *See also, e.g., United States v. Johnson*, 718 F.2d 1312, 1325 n.23 (5th Cir. 1983) (en banc). Nothing of the kind is shown here.

Moreover, although sentencing under a mandatory, as opposed to an advisory, guidelines system constitutes error that is "plain," the third prong of the plain error rule requires that the appellant must demonstrate that the error was prejudicial to him. *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005). This requires that the appellant show "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory regime rather than a mandatory one, he would have received a lesser sentence." *United States v. Infante*, 404 F.3d 376, 395 (5th Cir. 2005). Mere uncertainty on this score does not suffice. *Mares* at 521. Likewise, the mere fact that the sentence imposed was the guideline minimum does not suffice to satisfy the required showing of prejudice. *United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir. 2005); *United States v. Creech*, 408 F.3d 264, 271-72 (5th Cir. 2005); *United States v. Holmes*, 406 F.3d 337,

5

362-66 (5th Cir. 2005).[2]

Appellant's prejudice argument focuses on certain of the district court's remarks at the sentencing hearing. Prior to the sentencing hearing, appellant filed a motion for downward departure stating that since the government might not be filing a motion for downward departure under U.S.S.G. § 5K1.1, delay in prosecution was another ground the court could consider for reducing his sentence under U.S.S.G. § 5K2.0. At the initial stages of the sentencing hearing, the government acknowledged that it was not filing a 5K1.1 downward departure motion because, although appellant had cooperated and been forthcoming, the information furnished was too remote to pursue. The district court then remarked that it did "not have the power" to "grant any K1.1's without a motion from the Government and, therefore, that's moot." Later in the sentencing hearing, after arguments of counsel (including discussions, *inter alia*, of appellant's alternate request for downward departure) and appellant's allocution, the court stated

> "*I*, basically, *have concluded that contrary to my initial inclination I would go to the bottom of the range, not the top of the range*, because of the things that have been brought to my attention that have been under discussion here and in the motion. But I *am not inclined to downward depart.*

---

[2] We reject appellant's arguments that the error is "structural" or, alternatively, must be presumed prejudicial. As we held in *Martinez-Lugo*, 411 F.3d at 601, those arguments are necessarily inconsistent with *Mares* and *Infante* and our many decisions following them.

6

. . .

     Now with respect to the efforts to cooperate, the circumstances are clearly very unfortunate. The Government might have been onto something with the Defendant had he remained not in custody. But the issues of cooperation are beyond the scope of this Court's ability and power to address *directly* through any 5K1 downward departures.

     With respect to my discretion, *I do choose to exercise my discretion* and I will do so by sentencing the Defendant at the bottom of the range.

     I can say to Mr. Garcia-Mejia that I considered the criminal history and the number of reentries and all of this stuff a big deal. And that it would have been that *you would have gotten the top of the range but for your efforts to cooperate and the delay attending prosecution.* But *because of all these circumstances*, I exercise my discretion and go to the bottom of the range." (emphasis added).[3]

After imposing a 77 month sentence, the court closed the hearing stating "the motion for Downward Departure is denied."

The record does not establish the reasonable probability that the district court felt it had not adequately and appropriately addressed appellant's efforts to cooperate and the delay in prosecution, as well as his other pleas for leniency, by reducing

---

[3] The court also subsequently remarked:

"I'll recommend to the Government that if you can possibly convert some of this information that the Defendant has given you to a prosecution. It does sound like he has some valuable information. I don't know the details, obviously. And I do encourage the government to use people like Mr. Mejia who is trying hard to help the Government and address crimes in or out of the prison that would make the place safer for the United States citizens."

his sentence by some 19 months below what the court felt he otherwise should receive (with a criminal history category of VI and multiple illegal reentries) or that the court desired to sentence below 77 months but did not because it felt itself precluded from doing so by the guidelines.

Thus, appellant has not carried his burden of showing prejudice under the third prong of the plain error test and hence is not entitled to relief in any event.

We conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore reinstate our prior judgment herein affirming appellant's conviction and sentence.

AFFIRMED