United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY T. BOLDING,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-436-ALL
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Anthony T. Bolding appeals his conviction and sentence for possession with intent to distribute over 100 kilograms of marijuana. Bolding's <u>pro</u> <u>se</u> motion requesting judicial notice of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), is DENIED, because there is no right to hybrid representation in a direct criminal appeal. See <u>United States v. Ogbonna</u>, 184 F.3d 447, 449 & n.1 (5th Cir. 1999).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bolding first contends that 21 U.S.C. § 841 is facially unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). As Bolding concedes, his argument is foreclosed by circuit precedent. <u>See</u> <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000). He raises the issue only to preserve it for Supreme Court review.

Bolding also contends, and the record reflects, that the district court's oral sentence included a requirement that Bolding complete 200 community-service hours within the first three years of his supervised release, while the written judgment requires Bolding to complete the hours within the first two years of his supervised release. "When there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." <u>See</u> <u>United States v. Moreci</u>, 283 F.3d 293, 299 (5th Cir. 2002). Therefore, we remand the case for the district court to reform the written judgment to conform to the oral sentence. <u>See</u> <u>United States v. Martinez</u>, 250 F.3d 941, 942 (5th Cir. 2001).

For the foregoing reasons, we AFFIRM the judgment of conviction and sentence. We REMAND the case to the district court to amend its written judgment to conform to its oral sentence.