United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-40117
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                      versus

ANTHONY T. BOLDING,

                                        Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-436-ALL
_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and HIGGINBOTHAM, Circuit Judges.[1]

PER CURIAM:[2]

      This court affirmed Anthony T. Bolding's conviction and sentence. United States v. Bolding, 110 Fed. Appx. 389 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Bolding v. United States, 125 S.Ct. 1349 (2005). We

_____

      [1]Judge Pickering was a member of the original panel but retired from the Court on December 8, 2004 and, therefore, did not participate in this decision.

      [2]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested and received supplemental letter briefs addressing the impact of Booker.

In his supplemental brief, Bolding argues that the district court's application of mandatory sentencing guidelines was reversible plain error. Bolding acknowledges that he did not raise any Booker-related arguments before the district court or on direct appeal.[3] Instead, he raised the issue for the first time in his amended petition for writ of certiorari. This court recently held that, in the absence of extraordinary circumstances, the court will not consider Booker-related arguments raised for the first time in a petition for a writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Because Bolding did not raise his Booker-related arguments in the district court, we would have reviewed them for plain error had he raised them for the first time on direct appeal. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005). There is no plain error because, as Bolding concedes, there is no evidence in the record indicating that the district court would have imposed a lesser sentence under advisory sentencing guidelines. Because Bolding has not shown plain error, he cannot satisfy "the much more demanding standard for

---

[3]During the pendency of his direct appeal, Bolding filed a pro se request for judicial notice, seeking the court's consideration of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004). This court denied the motion on the ground that Bolding did not have the right to hybrid representation on direct appeal.

extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari". Taylor, 409 F.3d at 677.

Alternatively, Bolding contends that application of the plain error standard is inappropriate because it would have been futile for him to have objected to application of the mandatory guidelines in the light of Fifth Circuit precedent existing at the time of his sentencing, or because the remedial portion of Booker was novel and unforeseeable at the time of his sentencing. As he acknowledges, these arguments are foreclosed by this court's decision in Mares.

Finally, Bolding contends that the Booker error was structural and that prejudice should be presumed. This contention is also foreclosed by Mares. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S.Ct. 464 (2005); United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir.), cert. denied, 126 S.Ct. 194 (2005).

For the foregoing reasons, we conclude that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Bolding's conviction and sentence.

JUDGMENT REINSTATED.