**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 13, 2012

Lyle W. Cayce
Clerk

No. 11-40768
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS HERNANDEZ-ORTEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-493-1

Before REAVLEY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Luis Hernandez-Ortega (Hernandez) appeals from the judgment imposed after the district court revoked the term of supervised release that he was serving in connection with his 2010 illegal reentry conviction. He concedes that he violated the conditions of his supervised release that prohibited him from committing another crime and from illegally reentering the United States. He argues, however, that the written judgment includes a clerical error insofar as it indicates that he additionally violated the condition of his supervised release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requiring that he report immediately to the nearest United States probation officer upon legally reentering the country. The Government concedes the error.

Our review of the record confirms that whether Hernandez had violated his supervised release conditions by failing to report was not at issue during the revocation hearing; indeed, the revocation was based upon a subsequent illegal reentry, not a legal one. Because the district court made no mention of such a violation at any point in the revocation hearing, including during its oral pronouncement of sentence, the oral pronouncement of sentence conflicts with the written judgment, and the case is REMANDED FOR THE LIMITED PURPOSE of allowing the district court to conform its written judgment to its oral pronouncement of sentence. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).