# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EZEQUIEL CAMPUZANO-MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1540

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ezequiel Campuzano-Martinez challenges the judgment imposed following revocation of supervised release, arising from his conviction for unlawful reentry into the United States, in violation of 8 U.S.C. § 1326(a).

The written judgment of revocation stated Campuzano violated two special conditions of release: (1) illegal reentry after previous deportation; and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-40185

(2) illegal reentry and failure to immediately report to the nearest United States Probation Office.

Campuzano asserts the court abused its discretion in finding he violated the second special condition.  He maintains he did not admit to the violation at the revocation hearing, and the court made no  oral pronouncement of that violation.

Obviously, Campuzano had no opportunity to object to the discrepancy between the oral pronouncement and written judgment; therefore, review is for abuse of discretion.  *See, e.g., United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003).  If the court fails to address the defendant during the revocation hearing concerning his plea to an alleged violation, and does not refer to the violation during the oral pronouncement, the oral pronouncement and written judgment are in conflict, and the case must be remanded to allow the court to conform its written judgment to its oral pronouncement.  *E.g., United States v. Martinez,* 250 F.3d 941, 942 (5th Cir. 2001); *United States v. Hernandez-Ortega*, 458 F. App'x 395, 396 (5th Cir. 2012).

The condition of release at issue required Campuzano to report to the nearest United States probation office immediately following a *lawful* entry into the United States, which did not occur in this instance.  Therefore, this matter is remanded for the limited purpose of amending the written judgment to remove the determination that Campuzano was found guilty of the violation of failing to report to the nearest United States probation office immediately upon reentering the United States.  *See* 28 U.S.C. § 2106.

AFFIRMED AND REMANDED.