# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20393
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALEX BUITRAGO PEREZ, also known as Luis Crisanto Perez-Trejo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-219-1

Before HIGGINSON, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Jose Alex Buitrago Perez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).  Buitrago Perez has not filed a response.  We have reviewed counsel's brief and the relevant portions of the record reflected therein.  We concur with counsel's assessment that the appeal presents no nonfrivolous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue for appellate review, with one exception. A review of counsel's brief and the record reveals the following nonfrivolous appellate issue: whether there is a conflict with respect to a special condition of supervised release requiring Buitrago Perez to seek documentation authorizing him to work in the United States that is included in the written judgment but was not orally pronounced by the district court at sentencing.

A defendant has a constitutional right to be present at sentencing. *United States v. Bigelow*, 462 F.3d 378, 380-81 (5th Cir. 2006). Thus, if there is a conflict between the sentence imposed in court and the written judgment, the oral pronouncement controls. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). If there is an ambiguity between the sentences, however, the record must be reviewed to discern the district court's intent. *Id.* When a defendant has no opportunity to object to special conditions because the district court did not mention them at sentencing, this court reviews for abuse of discretion. *United States v. Rivas-Estrada*, ___ F.3d ___, 2018 WL 4956708, 1, 3 (Oct. 12, 2018).

Counsel acknowledges the discrepancy between the oral pronouncement of sentence and the written judgment in this case, but we are not persuaded that the issue is frivolous. Buitrago Perez was sentenced to eight months of imprisonment, and his release date is December 24, 2018. Considering the practicalities of Buitrago Perez's imminent release, requiring the Federal Public Defender to brief the issue and the Government to respond would not be a prudent use of judicial resources. Therefore, in the interests of judicial economy, we hereby GRANT counsel's motion to withdraw, counsel is excused from further responsibilities herein, we exercise our discretion to MODIFY the judgment to strike the work authorization special condition, and we AFFIRM the district court's judgment as modified. *See* 28 U.S.C. § 2106.